# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
### No. 11-242V
### Filed: October 22, 2012

* * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| DOROTHY MATHEWS, * | |
| * | |
| Petitioner, * | Stipulation; Influenza; Transverse Myelitis; |
| v. * | Attorney Fees and Costs |
| * | |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

## DECISION ON JOINT STIPULATION[1]

**Vowell**, Special Master:

Dorothy Matthews ["petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on April 18, 2011. Petitioner alleges she developed transverse myelitis as a result of an influenza ["flu"] vaccine she received on October 7, 2009, and she further alleges that she experienced residual effects of this injury for more than six months. *See* Stipulation, filed October 22, 2012, at ¶¶ 2, 4. Respondent denies that petitioner's flu vaccine is the cause of her transverse myelitis, any other injury, or her current condition. Stipulation at ¶ 6.

Nevertheless, the parties have agreed to settle the case. On October 22, 2012, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

Respondent agrees to pay petitioner:

- A lump sum payment of $250,000.00 in the form of a check payable to petitioner, which represents compensation for all damages that would be available under § 15(a), except as set forth in paragraph 8.b of the stipulation; and

- An amount sufficient to purchase the annuity contract described in paragraph 10 of the stipulation, paid to the life insurance company from which the annuity will be purchased.

**The special master adopts the parties' stipulation attached hereto, and awards compensation in the amount and on the terms set forth therein.**

Additionally, on September 19, 2012, the parties filed a joint stipulation of fact addressing attorney fees and costs. Pursuant to General Order #9, the stipulation indicates petitioner incurred no personal litigation costs.

I find that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate, pursuant to §§ 15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate. **Accordingly, I hereby award the total $30,309.01[3] in the form of a check payable jointly to petitioner and petitioner's counsel of record, Anne Toale, for petitioner's attorney fees and costs.**

In the absence of a timely-filed motion for review filed pursuant to Appendix B of the Rules of the U.S. Court of Federal Claims, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/ Denise K. Vowell**
Denise K. Vowell
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).